UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JENNIFER L. BELMORE,**

        **Plaintiff,**

v.                                                   Case No. 6:23-cv-1340-PGB-DCI

**ENCOTECH, INC.,**

        **Defendant.**

## ORDER

This breach-of-contract case comes before the Court on Defendant Encotech, Inc.'s Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) (Doc. 10 ("**Motion to Dismiss**")) and Plaintiff Jennifer Belmore's response in opposition (Doc. 11). Having considered the parties' submissions, the Court finds that the Motion to Dismiss must be granted.

**I.    BACKGROUND**

In July 2000, Defendant's owner and president, Bernard Lalli, asked Plaintiff to work for Defendant as head of the Carbon Service and Equipment Company Division, with the understanding that she would earn wages and gain ownership of the division once Lalli "slow[ed] down his role" with Defendant. (Doc. 1, ¶ 8).[1] Plaintiff "verbally accepted" Lalli's offer and "shortly thereafter" moved from Florida to Pennsylvania to start working for Defendant. (*Id.* ¶ 9). In 2001, the

---

[1]    The Court accepts as true the Complaint's well-pleaded factual allegations. *See Ironworkers Loc. Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011).

division opened an office and service center in Florida, and Defendant asked Plaintiff to "continue to serve as the head of th[e] division from Florida." (*Id.* ¶ 10). Accordingly, Plaintiff moved back to Florida. (*Id.* ¶ 11). Under her leadership, the division's worth grew to "approximately $3.4 million." (*Id.* ¶ 12).

In 2011, Defendant "discussed transferring forty-nine percent" of its ownership shares to Plaintiff, but to receive the shares, she would have to execute two agreements: (1) "a post-nuptial agreement with her husband" and (2) a shareholders' agreement. (*Id.* ¶ 13). Plaintiff could not execute the post-nuptial agreement because she and her husband "had already commingled many of their assets." (*Id.* ¶ 14). Accordingly, Defendant said that it would "revisit transferring her ownership at a later date." (*Id.*).

In 2020, Defendant's vice president called Plaintiff a pejorative term for a woman. (*Id.* ¶ 16). Plaintiff and Defendant then discussed "various possibilities of splitting off" the division, but they did not "reach[] a resolution." (*Id.*).

In November 2022, Defendant "entered into a letter of intent" regarding the sale of the division to a third party. (*Id.* ¶ 17). "As part of that sale," Plaintiff would go to work for the third party and execute an employment agreement with a multiple-year non-competition provision. (*Id.*). Plaintiff "expected that a significant portion of the sale price would be paid to her" to compensate her for her "promised interest" in Defendant. (*Id.*). Plaintiff and Defendant "began negotiations" to that effect, but in March 2023, the negotiations "broke down when [Defendant] failed to respond to an offer from [Plaintiff] and informed [her] that

2

the sale was not moving forward." (*Id.* ¶ 18).

In July 2023, or "recently" before then, Defendant told Plaintiff that it "[wa]s continuing negotiations to sell" the division and that Plaintiff should not expect to receive "ownership shares or proceeds from the sale" or other compensation for her "promised shares" of Defendant. (*Id.* ¶ 19). As a result, Plaintiff filed the Complaint in this case, bringing two counts against Defendant: breach of oral contract (Count I) and, in the alternative, anticipatory repudiation (Count II). (*Id.* ¶¶ 21–32). Defendant now moves to dismiss both counts. (Doc. 10).

## II.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Merely reciting the elements of a claim is not enough, and a court need not accept legal conclusions that lack sufficient factual support. *Id.* However, courts must accept as true all well-pleaded allegations in the complaint and read the complaint in the light most favorable to the plaintiff. *Ironworkers Loc. Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011).

## III.   DISCUSSION

The parties agree that Florida substantive law applies to the resolution of

3

Defendant's Motion to Dismiss. (*See* Doc. 10, p. 5 & n.1; Doc. 11, p. 10 & n.2).[2] Defendant contends that Plaintiff insufficiently pleads the existence of an oral contract because the alleged oral contract lacks specificity regarding essential terms, like the date that Plaintiff would receive the ownership interest, the percentage amount that she would receive, and the value of the shares. (Doc. 10, p. 6). Defendant further maintains that the allegations of merely discussing an ownership transfer show that "the parties never entered into a definitive contract." (*Id.* at p. 7). At bottom, Defendant argues that without adequately alleging that a contract existed, Plaintiff does not plausibly plead that Defendant breached an oral contract (Count I) or, in the alternative, anticipatorily repudiated its obligations under a contract (Count II). (*Id.* at pp. 6–7, 9–10). The Court agrees.[3]

"To succeed on a breach-of-contract claim" under Florida law, a plaintiff "must establish '(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach.'" *Dixon v. Univ. of Mia.*, 75 F.4th 1204, 1208 (11th Cir. 2023) (quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)). "To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms" because "an enforceable contract requires mutual assent as

---

[2] "Except in matters governed by the federal Constitution or by acts of Congress, federal courts in diversity cases must apply the law of the forum state . . . ." *Reisman v. Gen. Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1988).

[3] Accordingly, the Court does not address Defendant's other arguments, which concern whether the statute of frauds bars Plaintiff's claims (Doc. 10, pp. 8–9), and whether, as to Count II, Plaintiff plausibly alleges that Defendant "explicitly and unequivocally communicated to [her] that it would not perform" its obligations under the purported oral contract (*id.* at p. 10).

4

to sufficiently definite essential terms." *Kolodziej v. Mason*, 774 F.3d 736, 740, 744 (11th Cir. 2014) (quoting same); *accord Tiara Condo. Ass'n v. Marsh & McLennan Cos.*, 607 F.3d 742, 746 (11th Cir. 2010) ("Under Florida law, a claim for breach of an oral contract arises only when the parties 'mutually assented to a certain and definite proposition and left no essential terms open.'" (quoting *Rubenstein v. Primedica Healthcare, Inc.*, 755 So. 2d 746, 748 (Fla. Dist. Ct. App. 2000))).

Plaintiff has not alleged sufficient specification of essential terms. She alleges that Lalli, as Defendant's owner and president, offered her employment with Defendant "in exchange for wages and ownership" of the division "to be provided" to her once he "slow[ed] down his role" with Defendant (Doc. 1, ¶ 8), and that Defendant "orally offered [her] ownership shares in [Defendant] in exchange for her employment" with Defendant (*id.* ¶¶ 23, 29). But, the Complaint lacks sufficient information about the offered ownership shares to support that Lalli and Plaintiff mutually assented to essential terms, for under "the circumstances of the parties' transaction," the essential terms include, at least, the amount of ownership interest that Plaintiff was to receive and when she was to receive it. *Omni Healthcare Inc. v. Health First, Inc.*, No. 6:13-cv-1509-Orl-37DCI, 2017 U.S. Dist. LEXIS 135865, at *5 (M.D. Fla. Aug. 24, 2017) ("An essential, or material, term is '[a] contractual provision dealing with a significant issue such as subject matter, price, payment, quantity, quality, duration, or the work to be done.'" (alteration in original) (quoting *Material Term*, Black's Law Dictionary (9th ed. 2009))).

Plaintiff does not allege that she and Lalli agreed to these essential

5

ownership-interest terms. (*See* Doc. 1). Rather, she claims that over a decade after an agreement was purportedly reached, she and Defendant "discussed transferring" an ownership interest in Defendant of "forty-nine percent" to her and that when she failed to execute the required post-nuptial agreement, Defendant decided to "revisit transferring her ownership at a later date." (*Id.* ¶¶ 13–14). These allegations, along with others that the parties "discussed" and "negotiat[ed]" Plaintiff's ownership over the years show that the parties had not agreed to essential terms regarding Plaintiff's ownership interest in Defendant in July 2000 and thus had not entered into an enforceable oral contract at that time. (*Id.* ¶¶ 16, 18); *see Suarez Trucking FL Corp. v. Souders*, 350 So. 3d 38, 48 (Fla. 2022) ("If the parties are still negotiating the essential terms of the contract, there is no meeting of the minds."). Plaintiff's claims depend on her being able to enforce the July 2000 oral agreement with Lalli as a contract; that agreement is the one she allegedly "performed by quitting her prior job" and "relocating to Pennsylvania." (Doc. 1, ¶¶ 8–9, 24, 30). Plaintiff's failure to plead sufficient specification of essential terms for that agreement means that she has inadequately alleged the existence of an oral contract. Accordingly, her claims will be dismissed.

The issue remains whether the dismissal should be with or without prejudice. Eleventh Circuit "precedent is clear that '[a] district court is not required to grant a plaintiff leave to amend [her] complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.'" *Newbauer v. Carnival Corp.*, 26 F.4th 931,

6

936 (11th Cir. 2022) (alterations in original) (quoting *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)). Because Plaintiff has been represented by counsel throughout this case and has not sought to amend her Complaint, her claims will be dismissed with prejudice. This outcome is also appropriate for the independent reason that amendment would be futile because the parties discussed and negotiated Plaintiff's ownership interest in Defendant for decades after July 2000. *See Checker Cab Operators, Inc. v. Miami-Dade County*, 899 F.3d 908, 924 (11th Cir. 2018) ("Amendment would be futile if the complaint, as amended, would still be subject to dismissal."); *see also Suarez Trucking*, 350 So. 3d at 48.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss (Doc. 10) is **GRANTED**.
2. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**.
3. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on November 7, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record